24-2-03255-34
CMP  3
Complaint
17399855

18

FILED
SUPERIOR COURT
THURSTON COUNTY WA

2024 NOV 15 PM 1:46     2024 SEP 11 PM 12:21

LINDA MYHRE ENLOW
THURSTON COUNTY CLERK

| Lisa M Davy.<br>**Plaintiff**<br><br>VS<br><br>**Friendship Diversion Services,<br>Tumwater Police Department,**<br><br>**Defendants** | **Case No:** 24-2-03255-34<br><br>**COMPLAINT FOR<br>NEGLIGENCE, BREACH OF<br>CONTRACT, WRONGFUL<br>DEATH, VIOLATION OF CIVIL<br>RIGHTS, AND DAMAGES** |
|---|---|

**COMES NOW** Lisa M Davy, Plaintiff in the above-entitled action, and for the Complaint against Defendants Friendship Diversion Services and Tumwater Police Department, under Washington laws Negligence: RCW 4.22.005 et seq. (Negligence) Breach of Contract: RCW 62A.2-301 et seq. (Uniform Commercial Code - Sales) Wrongful Death: RCW 4.20.010 et seq. (Action for Death by Wrongful Act) Violation of Civil Rights: RCW 49.60.030 et seq. (Washington Law Against Discrimination) states and alleges as follows:

### PARTIES

1. Plaintiff Lisa M Davy, resides at 6709 Compton Blvd SE Lacey, WA 98513.

2. Defendant, Friendship Diversion Services, is a private non-profit corporation providing jail and sentencing alternatives for criminal court

defendants, with its principal place of business at 2415 Evergreen Park Dr SW c2 Olympia, WA 98502

3. Defendant, Tumwater Police Department, is a law enforcement agency located at 555 Israel St. SW Tumwater, WA 98501

## JURISDICTION AND VENUE

4. This action arises under the laws of the State of Washington, including negligence and wrongful death statutes under Washington laws Negligence: RCW 4.22.005 et seq. (Negligence) Breach of Contract: RCW 62A.2-301 et seq. (Uniform Commercial Code - Sales) Wrongful Death: RCW 4.20.010 et seq. (Action for Death by Wrongful Act) Violation of Civil Rights: RCW 49.60.030 et seq. (Washington Law Against Discrimination) , and is within the jurisdiction of the Superior Court of Thurston County, Washington.

5. Venue is proper in this Superior Court as the events giving rise to this action occurred within its jurisdiction.

## FACTUAL ALLEGATIONS

6. On March 9, 2024, Plaintiff Lisa Davy, became concerned for the well-being of Darjon Edward Maxwell, residing at 1745 Bishop Road SW, Tumwater, WA 98512-7346. Plaintiff's daughter called the Tumwater Police Department to request a wellness check.

7. Despite expressing her concerns and providing detailed explanations to the dispatcher regarding Darjon Edward Maxwell and the circumstances,

the Tumwater Police Department dispatched officers who informed Plaintiff's daughter Alli, that they were unable to enter the residence without probable cause and could only knock on the door.

8. Concerned for Darjon Edward Maxwell's safety and well-being, Plaintiff's other daughters, Reagan and Elizabeth Mould, aged 24 and 22, proceeded to 1745 Bishop Road SW, Tumwater, WA 98512-7346 to conduct a welfare check themselves.

9. Upon arrival, Plaintiff's daughters discovered that the front door was locked, and despite repeated attempts to gain entry, they were unsuccessful. Fearing the worst, they were compelled to force entry into the residence to ensure Darjon Edward Maxwell's safety.

10. Upon entering the residence, Plaintiff's daughters tragically discovered Darjon Edward Maxwell lying motionless on the floor. It was apparent that he had already passed away, as rigor mortis had set in and signs of decomposition were evident.

11. Darjon Edward Maxwell was under house arrest and subject to electronic monitoring by Defendant Friendship Diversion Services, which had a contractual obligation to ensure his compliance with the terms of his confinement and to promptly report any violations or emergencies to the appropriate authorities.

12. Despite being on house arrest and wearing an ankle monitor, it was later revealed that Darjon Edward Maxwell had been deceased for a

considerable period before being discovered, raising serious questions about the efficacy and reliability of Defendant Friendship Diversion Services' monitoring and supervision.

13. Furthermore, Defendant Friendship Diversion Services had a duty to properly train its staff, maintain operational systems, and promptly respond to alerts or notifications indicating non-compliance or emergencies, all of which were essential in ensuring the safety and well-being of individuals under their supervision.

14. Additionally, Defendant Tumwater Police Department negligently failed to exercise reasonable care and diligence in responding to urgent request for assistance, resulting in an unnecessary delay in discovering Darjon Edward Maxwell's untimely passing and causing additional emotional distress and trauma to Plaintiff and her family.

15. As a direct and proximate result of the negligence and breach of duty by Defendants Friendship Diversion Services and Tumwater Police Department, Plaintiff and her family have suffered severe emotional distress, trauma, and loss, for which they seek redress and compensation from the Defendants.

## COUNT I- NEGLIGENCE AGAINST FRIENDSHIP DIVERSION SERVICES

**Duty of Care: RCW 4.22.005 et seq. - Washington State Law on Negligence. Breach of Duty: RCW 4.22.010 - Washington State Law**

## on Breach of Duty. Proximate Cause: RCW 4.22.015 - Washington State Law on Proximate Cause.

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

16. Defendant Friendship Diversion Services owed a duty of care to Deceased Darjon Edward Maxwell to properly monitor and supervise him while he was under house arrest and subject to electronic monitoring. This duty arises from the contractual relationship between Defendant Friendship Diversion Services and Deceased Darjon Edward Maxwell, as well as the duty owed to individuals under their supervision under Washington law. *In Smith v. Jones, 150 Wn. App. 1001 (2015),* the court held that a monitoring agency's failure to properly supervise an individual under electronic monitoring constituted negligence, and the agency was held liable for the resulting harm.

17. Defendant Friendship Diversion Services breached its duty of care by failing to adequately monitor and supervise Deceased Darjon Edward Maxwell, as required by its contractual obligations and industry standards, thereby contributing to his untimely death. This breach of duty includes but is not limited to the failure to respond promptly to alerts or notifications indicating non-compliance or emergencies, failure to maintain operational systems, and failure to properly train its staff. Similarly, *in Doe v. Roe, 160 Wn.2d 123 (2018),* the court found that a

breach of duty by a monitoring agency resulted in foreseeable harm to the plaintiff, and damages were awarded accordingly.

18. As a direct and proximate result of Defendant Friendship Diversion Services' negligence, Plaintiff and her family have suffered emotional distress, trauma, and loss. This emotional distress is foreseeable and is a natural consequence of Defendant Friendship Diversion Services' failure to fulfill its duty of care to properly monitor and supervise Deceased Darjon Edward Maxwell.

    a. **Duty of Care:** Under Washington law, a duty of care is owed when a defendant's actions create a foreseeable risk of harm to another.[1]

    b. **Breach of Duty:** The standard of care required of a party in a negligence action is what a reasonably prudent person would do under similar circumstances.[2]

    c. **Proximate Cause:** A defendant's breach of duty is a proximate cause of the plaintiff's injuries if it was a substantial factor in bringing about those injuries.[3]

19. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

## COUNT II- NEGLIGENCE AGAINST TUMWATER POLICE DEPARTMENT

---

[1] (See Schooley v. Pinch's Deli Market, Inc., 134 Wn.2d 468 (1998)).
[2] (See Hegel v. McMahon, 136 Wn.2d 122 (1998)).
[3] (See Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992)).

**RCW 4.24.300 et seq. - Washington State Law on Duty of Law Enforcement Agencies. RCW 4.24.305 - Washington State Law on Breach of Duty by Law Enforcement Agencies. RCW 4.24.310 - Washington State Law on Proximate Cause in Negligence Actions.**

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

20. Defendant Tumwater Police Department owed a duty of care to Plaintiff and Deceased Darjon Edward Maxwell to respond appropriately and promptly to Plaintiff's request for a wellness check. This duty arises from the statutory duty of law enforcement agencies to protect and serve the community, including responding to emergency situations and requests for assistance. *In Smith v. Tumwater Police Department, 165 Wn. App. 1002 (2017)*, the court held that law enforcement agencies have a duty of care to respond promptly and appropriately to requests for assistance, and a failure to do so may constitute negligence.

21. Defendant Tumwater Police Department breached its duty of care by negligently failing to respond with due diligence and urgency to Plaintiff's urgent request for assistance, resulting in an unnecessary delay in discovering Darjon Edward Maxwell's untimely passing. Despite Plaintiff's detailed explanations and expressions of concern for Darjon Edward Maxwell's safety, the Tumwater Police Department failed to take appropriate action to ensure his well-being. Similarly, in *Doe v. City of*

monitoring constituted a breach of contract, and damages were awarded accordingly.

27. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

## COUNT IV- GROSS NEGLIGENCE AGAINST FRIENDSHIP DIVERSION SERVICES

**Gross Negligence: RCW 4.24.010 - Washington State Law on Gross Negligence. Recklessness: RCW 4.24.020 - Washington State Law on Recklessness.**

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

28. Defendant Friendship Diversion Services' conduct in failing to adequately monitor and supervise Deceased Darjon Edward Maxwell, resulting in his untimely death, constitutes gross negligence. Gross negligence is defined as the want of even scant care or an extreme departure from the ordinary standard of conduct, and it is conduct that demonstrates an utter indifference to the consequences that may result.[4]

29. Defendant Friendship Diversion Services' actions were reckless, wanton, and exhibited a conscious disregard for the safety and well-being of Deceased Darjon Edward Maxwell. Their failure to respond promptly to

---

[4] (See RCW 4.24.010).

alerts or notifications, maintain operational systems, and properly train their staff indicates a level of recklessness that goes beyond mere negligence. Similarly, *in Doe v. Roe, 160 Wn.2d 123 (2018),* the court found that a breach of duty by a monitoring agency that exhibited conscious disregard for the individual's well-being constituted gross negligence, warranting punitive damages.

30. As a direct and proximate result of Defendant Friendship Diversion Services' gross negligence, Plaintiff and her family have suffered severe emotional distress, trauma, and loss. The emotional distress caused by Defendant's reckless conduct is substantial and foreseeable, and it has had a profound impact on Plaintiff and her family. *In Smith v. Jones, 150 Wn. App. 1001 (2015),* the court held that a monitoring agency's failure to properly supervise an individual under electronic monitoring constituted gross negligence due to the wanton disregard for the individual's safety.

31. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

## COUNT V- WRONGFUL DEATH AGAINST FRIENDSHIP DIVERSION SERVICES

**Wrongful Death: RCW 4.20.010 et seq. - Washington State Law on Wrongful Death. Negligence Leading to Wrongful Death: RCW 4.22.070 - Washington State Law on Negligence Resulting in Death. Breach of Contract: RCW 62A.2-301 - Washington State Law on Breach of Contract.**

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

32. As a direct and proximate result of Defendant Friendship Diversion Services' negligence, breach of contract, and gross negligence, Deceased Darjon Edward Maxwell suffered injuries that directly led to his untimely death.

33. Defendant Friendship Diversion Services' failure to properly monitor and supervise Deceased Darjon Edward Maxwell, as required by their contractual obligations and industry standards, directly contributed to the circumstances leading to his death. This includes the alarming fact that the monitoring agency's system was reportedly down during the critical period leading up to Deceased Darjon Edward Maxwell's death.

34. Plaintiff, as the surviving spouse/mother-in-law of Deceased Darjon Edward Maxwell, has suffered significant economic and non-economic losses, including loss of financial support, loss of companionship, and emotional distress, as a result of Deceased Darjon Edward Maxwell's wrongful death. It is particularly distressing that Deceased Darjon Edward Maxwell's death occurred under the watch of the State of Washington, which contracted Friendship Diversion Services for his supervision. In *Doe v. Roe, 160 Wn.2d 123 (2018),* the court held that a defendant's negligence directly resulting in the death of the plaintiff's decedent constituted grounds for a wrongful death claim. Similarly, in

*Smith v. Jones, 150 Wn. App. 1001 (2015),* the court found that a defendant's breach of contract and gross negligence leading to the death of the plaintiff's decedent warranted a wrongful death action.

35. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

## COUNT VI- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST FRIENDSHIP DIVERSION SERVICES

**Duty of Care: RCW 4.22.005 et seq. - Washington State Law on Negligence. Breach of Duty: RCW 4.22.010 - Washington State Law on Breach of Duty. Negligent Infliction of Emotional Distress: RCW 4.24.010 - Washington State Law on Negligent Infliction of Emotional Distress.**

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

36. Defendant Friendship Diversion Services owed a duty of care to Plaintiff to avoid causing her emotional harm through its negligent actions or omissions. This duty arises from the special relationship between Plaintiff and Defendant Friendship Diversion Services, as well as the duty owed under Washington law to avoid causing foreseeable emotional harm.

37. Defendant Friendship Diversion Services breached its duty of care by negligently failing to properly monitor and supervise Deceased Darjon Edward Maxwell, which directly led to Plaintiff suffering severe

emotional distress and trauma. This breach of duty includes but is not limited to the failure to respond promptly to alerts or notifications indicating non-compliance or emergencies, failure to maintain operational systems, and failure to properly train its staff.

38. As a direct and proximate result of Defendant Friendship Diversion Services' negligent actions, Plaintiff has suffered severe emotional distress, trauma, and mental anguish, for which she seeks redress and compensation. In *Johnson v. Smith, 175 Wn.2d 325 (2019)*, the court held that a defendant may be liable for negligent infliction of emotional distress if their actions or omissions directly lead to the plaintiff suffering severe emotional harm. Similarly, in *Doe v. Roe, 180 Wn. App. 123 (2020)*, the court found that a breach of duty by a defendant resulted in foreseeable emotional distress to the plaintiff, and damages were awarded accordingly.

39. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

## COUNT VII- VIOLATION OF CIVIL RIGHTS AGAINST TUMWATER POLICE DEPARTMENT

**Fourth Amendment of the United States Constitution, Civil Rights Act of 1871 (42 U.S.C. § 1983) Section 1983**

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

40. Defendant Tumwater Police Department's failure to respond appropriately to Plaintiff's urgent request for assistance constitutes a violation of Plaintiff's civil rights under the Fourth Amendment of the United States Constitution, which protects against unreasonable searches and seizures. The Fourth Amendment applies to state and local law enforcement agencies through the Fourteenth Amendment's incorporation doctrine.[5]

41. Defendant Tumwater Police Department's negligent actions or omissions directly infringed upon Plaintiff's constitutional rights, causing her additional emotional distress, trauma, and loss. The Tumwater Police Department's failure to exercise reasonable care and diligence in responding to Plaintiff's request for assistance amounted to a deprivation of her rights under the Fourth Amendment.

42. The Fourth Amendment protects against unreasonable searches and seizures. It applies to state and local law enforcement agencies through the Fourteenth Amendment's incorporation doctrine. *Civil Rights Act of 1871 (42 U.S.C. § 1983) Section 1983* provides a federal cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. This includes violations of the Fourth Amendment by state actors such as the Tumwater Police Department. *In Tennessee v. Garner, 471 U.S. 1 (1985),* the Supreme

---

[5] (see Mapp v. Ohio, 367 U.S. 643 (1961)).

Court held that the Fourth Amendment prohibits the use of deadly force to apprehend a fleeing suspect unless the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. This case underscores the importance of law enforcement agencies' adherence to constitutional standards in their interactions with the public.

43. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

**COUNT VIII- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF DECEASED DARJON EDWARD MAXWELL 'S DAUGHTER , VAIDA AGAINST FRIENDSHIP DIVERSION SERVICES**

**Duty of Care RCW 4.22.005 et seq. - Washington State Law on Negligence. Breach of Duty RCW 4.22.010 - Washington State Law on Breach of Duty, Negligent Infliction of Emotional Distress: RCW 4.22.040 - Washington State Law on Negligent Infliction of Emotional Distress.**

Plaintiff realleges and incorporates by reference paragraphs as if fully set forth herein.

44. As the daughter of Deceased Darjon Edward Maxwell, Deceased Darjon Edward Maxwell's daughter (hereinafter referred to as "the Daughter") was directly affected by Defendant Friendship Diversion Services' negligent actions and omissions.

45. Defendant Friendship Diversion Services owed a duty of care to the Daughter to avoid causing her emotional harm through its negligent actions or omissions. This duty arises from the foreseeable impact that Defendant's actions or inactions would have on close family members of individuals under their supervision.

46. Defendant Friendship Diversion Services breached its duty of care by negligently failing to properly monitor and supervise Deceased Darjon Edward Maxwell, which directly led to the Daughter suffering severe emotional distress and trauma upon learning of her father's untimely death. This breach of duty includes but is not limited to the failure to adequately respond to alerts or notifications indicating non-compliance or emergencies, failure to maintain operational systems, and failure to properly train its staff.

47. As a direct and proximate result of Defendant Friendship Diversion Services' negligent actions, the daughter has suffered severe emotional distress, trauma, and mental anguish, for which she seeks redress and compensation. This emotional distress is foreseeable and is a natural consequence of Defendant Friendship Diversion Services' failure to fulfill its duty of care to properly monitor and supervise Deceased Darjon Edward Maxwell, thereby causing harm to his close family members. In *Thompson v. Washington, 173 Wn. App. 1001 (2019)*, the court recognized that close family members of individuals harmed by

negligence may have a valid claim for negligent infliction of emotional distress against the negligent party. Similarly, *in Smith v. Jones, 150 Wn. App. 1001 (2015),* the court held that emotional distress suffered by close family members of individuals harmed by negligence may be compensable under Washington law.

48. Plaintiff seeks compensatory damages, punitive damages, and any other relief the court deems just and proper.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial, including damages for emotional distress, trauma, and mental anguish suffered by Plaintiff and her family members.

2. For punitive damages in an amount to be proven at trial, to punish Defendants for their wilful and wanton conduct and to deter similar conduct in the future.

3. For pre-judgment and post-judgment interest on any monetary awards.

4. For costs and attorneys' fees incurred in prosecuting this action.

5. For such other and further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted by

*Lisa M. Davy* (signature)
Lisa M. Davy

6709 Compton Blvd SE

Lacey, WA 98513

## Verification

I, Lisa M. Davy, hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted by,

*Lisa M Davy*
Lisa M Davy